## KEATING v PRUDENTIAL INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2628. Decided May 12, 1936

Willard Miller, Columbus, and David T. Keating, Columbus, for plaintiff in error.
Clarence B. Folkerth, Columbus, for defendant in error.

## OPINION

**By THE COURT**

The petition in error sets up four claims of error: (1) the court erred in striking from the files the motion of the defendant to set aside the appraisement and sale of the premises without a hearing thereon. (2) The court erred in sustaining the motion of plaintiff to strike said motion to set aside said appraisement and sale. (3) The court erred in sustaining the motion of plaintiff to confirm the sale. (4) The court

erred in entering up a deficiency judgment in the sum of $3072.03 against the defendant.

A bill of exceptions is tendered, which consists of the final judgment entry of which complaint is made and a statement of counsel for the plaintiff, setting forth in chronological order the events which we have heretofore recited, as found in the transcript of docket and journal entries.

In considering the question presented we must accord to the judgment entered by the trial court every reasonable presumption in support thereof and unless it appears from that which is properly before us that there has been an abuse of discretion, the judgment should not be set aside.

We have set forth the proceedings in this case with considerable detail because they exemplify the unusual delay occasioned the plaintiff in securing a judgment and sale of property to which it was clearly entitled. It appears beyond question that the trial court, because of the illness of the defendant, many times postponed a hearing on his motion to set aside the appraisement and sale of the real estate. The motion was finally considered after a date which defendant's attending physician said he could meet. At all times he was represented by qualified counsel. Hearing on the motion which the defendant interposed was at no time called up, nor urged for consideration by the defendant and action was only compelled to be taken on the motion at the instance and insistence of the plaintiff. The defendant was put on notice at all times after the appraisement of the real estate as to the amount of said appraisement and was charged with knowledge that under the law the property could sell for two-thirds of the appraisement at public auction and that the holder of the mortgage could bid it in. Notwithstanding this knowledge, no attack whatever was made upon the appraisement or the amount thereof until after sale had when objection was interposed to the appraisement. Then, too, after the expense had been incurred, incident to the advertising of the property for sale, the court, on the defendant's own motion and upon terms which must be assumed to be reasonable, suspended any further action looking to a sale of the property and the defendant did not observe conditions upon him to be presumed within the time provided and further expense was made necessary in re-advertising the sale. Finally, the motion to set aside the appraisement and sale came on for hearing at the same time at the motion of plaintiff to confirm the sale. The final judgment entry so recites. All matters which could properly have been raised on the motion to set aside the appraisement and sale could likewise have been offered upon the motion of the plaintiff to confirm.

Inasmuch as the court could properly have heard and counsel could properly have tendered all evidence which would have been germane on the motion to set aside the appraisal and sale on the motion of the plaintiff to confirm, we can not say that any prejudice resulted to the defendant by the action of the trial court in striking the motion of defendant from the files. If the motion to confirm had not been before the trial court, we could not say on this record that there was an abuse of discretion in striking the motion of the defendant from the files, because the court may have felt that in view of the numerous continuances, the delay of the defendant in pressing a motion which he had interposed, the fact that no motion had been offered objecting to the appraisal when made nor within reasonable time thereafter, that the defendant was attempting unnecessarily to delay the proceedings.

Nor do we find any prejudicial error in the action of the trial court in confirming the sale as made to the mortgagee.

It was the obligation of the defendant, if the court would not hear him and take his testimony on the motion of the plaintiff to confirm, to insist that the record show a proffer or willingness to proffer testimony in behalf of the claim of the defendant. The bill of exceptions is silent upon this matter and we must, therefore, conclude that the trial court did not deny to the defendant his right to hear any competent, relevant testimony which the defendant was ready to offer upon the hearing of the motion to confirm.

We are cited to authorities by counsel for both parties, but no legal principle is involved which is difficult, the whole matter depending upon an interpretation of the facts as found in the bill of exceptions and the proceedings, as appear in the transcript of the pleadings, docket and journal entries.

The fourth ground of error is that the court erred in entering up a deficiency judgment in the sum of $3,072.03 against the defendant. The record does not support this claimed error.

The judgment of the trial court will, therefore, be affirmed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.